**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Melanie Wiggins and Phillip D. Grant, Appellants,

v.

South Carolina Department of Social Services, County of Lexington, and Department of Children's Advocacy, Respondents.

Appellate Case No. 2023-001684

———————

Appeal From Lexington County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-351
Submitted June 5, 2026 – Filed July 8, 2026

———————

**AFFIRMED**

———————

Melanie Wiggins and Phillip D. Grant, both of West Columbia, pro se.

David Allen Anderson and Carmen Vaughn Ganjehsani, both of Richardson Plowden & Robinson, PA, of Columbia, for Respondents.

———————

**PER CURIAM:** Melanie Wiggins and Phillip D. Grant (collectively, Appellants) appeal the circuit court's denial of their motion for entry of default against the

South Carolina Department of Social Services (DSS), the County of Lexington, and Department of Children's Advocacy (DCA) (collectively, Respondents) and granting of Respondents' motion for judgment on the pleadings. On appeal, Appellants argue the circuit court erred when it (1) failed to find "that the family court [] broke the law" by not holding the probable cause hearing within seventy-two hours and not having a merits hearing within thirty-five days, (2) failed to find DSS should have returned the minor children to Grant after DSS determined the allegations against him were unfounded, (3) failed to find Appellants properly served DSS with their summons and complaint, (4) failed to find Appellants properly served DSS with their motion of entry of default, and (5) found DSS properly served Wiggins. We affirm pursuant to Rule 220(b), SCACR.

We affirm based on the two-issue rule. *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two[-]issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."), *abrogated on other grounds by Repko v. County of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018). Appellants failed to appeal all the grounds upon which the circuit court based its decision; therefore, we hold the unappealed rulings are the law of the case. *See Shirley's Iron Works*, *Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.